UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELIJAH JACKSON,

           *Plaintiff,*

    v.                                  1:15-cv-02247-TJK

DISTRICT OF COLUMBIA, *et al.*,

           *Defendants.*

## AMENDED JOINT PRETRIAL STATEMENT

In accordance with the Court's direction during the pretrial conference held on November 9, 2023, the Parties jointly submit the following amended Joint Pretrial Statement:

**I.**     **Joint Neutral Statement of the Case**

Plaintiff Elijah Jackson (Jackson) alleges that on May 5, 2015, he was involved in a minor auto accident at or near the intersection of New York Avenue and Florida Avenue N.E., Washington, D.C. Jackson then alleges that he was stopped by Metropolitan Police Department officers after he left the scene. Jackson avers that after he was stopped by the officers, he exited his vehicle, was told to return to his vehicle but when he tried to do so, he was severely assaulted and battered by all defendant officers in violation of his Fourth Amendment rights under 42 U.S.C. § 1983, and at common law. Defendants deny all wrong-doing and submit that any actions taken against Jackson were reasonable, necessary, and in accordance with the law.

**II.      Statement of Plaintiff's Claims with a Concise Statement of Law in Support**

Jackson has  four surviving claims against the defendant officers and the District of Columbia.

A.      Fourth Amendment claim alleging excessive force under 42 U.S.C. § 1983 against the individual Defendant Officers Merzig, Fogle, Bolton, Smith, Hillgren and Braithwaite.  Jackson alleges that Defendant Officers used an objectively unreasonable level of force to effectuate his arrest. As a result of Defendant Officers' use of force Jackson suffered damages.

B.      Common law assault against the individual Defendant Officers Merzig, Fogle, Bolton, Smith, Hillgren and Braithwaite, and the District of Columbia.  Jackson alleges that the Defendant Officers intended to cause him harm.  As a result of Defendant Officers' assault on Jackson, he has suffered damages.

C.      Common law battery against the Defendant Officers Merzig, Fogle, Bolton, Smith, Hillgren and Braithwaite, and the District of Columbia.  Jackson alleges that the Defendant Officers did cause him harm when they used extreme physical force to effectuate his arrest. As a result of Defendant Officers' battery of Jackson, he suffered damages.

D.      Common law intentional infliction of emotional distress against the individual Defendant Officers Merzig, Fogle, Hillgren and Braithwaite, and the District of Columbia.  Jackson alleges that the conduct of these Defendant Officers was extreme and outrageous, and that their intentional conduct caused Jackson severe emotional distress.  As a result of Defendant Officers' actions Jackson suffered damages.

**II.      Statement of the Defenses**

A.      Defendant Officers are entitled to qualified immunity and a privilege for the claims alleged against them.

2

B.      Any action, including the force used against Jackson, that was taken by Defendant Officers was necessary and reasonable under the circumstances and carried out under lawful authority.

C.      Defendants deny they are liable for any wrongful conduct in connection with the events described in this Complaint.

D.      Defendants had probable cause for their actions, and a good faith belief that their actions were lawful.

E.      Jackson must show liability against each Defendant Officer; each Defendant Officer cannot be held liable for the alleged unlawful conduct, including alleged unreasonable force, by another Defendant Officer.

F.      Jackson cannot prevail on his intentional infliction of emotional distress claim.  The conduct of Defendants Merzig, Fogle, Hillgren, and Braithwaite was not extreme and outrageous or in wanton disregard for Jackson's rights.

G.      Jackson cannot show the Defendant Officers' actions proximately caused each of his asserted injuries.

H.      Jackson has failed to mitigate his damages.

I.      Jackson is collaterally estopped from arguing that the Defendant Officers were not authorized under the law to use any amount of force against him.

**III.     Schedule of Witnesses to be Called**

A.      Plaintiff:

1.      Elijah Jackson (2 Hours) – Jackson will testify about his knowledge of the allegations set forth set forth in his Complaint.  He will also testify about the damages he sustained as a result of the May 5, 2015 incident.

**Defendants' objection: Jackson's testimony about his damages is the subject of the Defendants' *in limine* motion.**

2.        *Timothy Longo (2.0 Hours) – Mr. Longo is expected to offer testimony consistent with his opinions related to the force used by the individual Defendant Officers against Jackson.  Mr. Longo will offer expert testimony regarding applicable police standards, the objective reasonableness of the Defendant Officers actions and whether such actions were consistent with acceptable standards of police practices, policies and training.  Lastly, Mr. Longo will offer expert opinion regarding the conclusions and opinions of Defendants' Police Practices Expert, Mr. Joe Key.  Mr. Longo's opinions will be to a reasonable degree of professional certainty.

3.        *Dr. Carole Giunta (1.5 Hours) – Dr. Giunta is expected to offer expert testimony consistent with her opinions regarding the diagnosis and treatment of Jackson's post-traumatic distress disorder.  Dr. Giunta is expected to base her expert opinions on her review of the records regarding Jackson's medical history, the independent medical examination she conducted, her education and experience, her review of documents related to this case and her expertise in the field of forensic and neuropsychology.  Lastly, Dr. Giunta will offer her expert opinion regarding the conclusions and opinions of Defendants' psychologist, Dr. Jennifer Myers.  All of Dr. Giunta's opinions are rendered to a reasonable degree of medical certainty.

4.        Dr. Heather DeVore (1.5 Hour) – Dr. DeVore was the attending physician in the emergency room when Jackson was admitted to Medstar Washington Hospital Center.  She will testify about her knowledge of the allegations set forth in Jackson's Complaint.

**Defendants' objections:  Defendants object to Dr. DeVore as a witness and to her proposed testimony as outlined in Defendants' Motion in *Limine*.  Further objections as to relevance to the claims against these Defendants, and to this witness's proposed testimony about Jackson's knowledge.**

5.      Dr. Edward Aulisi (1.5 Hour) – Dr. Aulisi performed surgery on Jackson following the May 5, 2015 incident with Defendant Officers. He will testify about his knowledge of the allegations set forth in Jackson's Complaint.

**Defendants' objections:  Defendants object to Dr. Aulisi as a witness and to his proposed testimony as outlined in Defendants' Motion in *Limine*.  Further objection as to relevance as his testimony is disproportionate to the needs of the case.**

6.      Jordathan Jones (30 minutes) – Mr. Jones will testify about his knowledge of the allegations set forth in Jackson's Complaint.

7.      LaTasha Banks (30 Minutes) – Ms. Banks is Elijah Jackson ex-wife.  She will testify regarding the changes in his behavior, consistent with his PTSD diagnosis, following the May 5, 2015 incident with the Defendant Officers.

**Defendants' objections:  Defendants object to this witness's lay opinion testimony as it relates to Jackson's PTSD diagnosis.**

8.      Officer John Merzig (1 hour) – Officer Merzig will testify about his knowledge of the allegations set forth in Jackson's complaint, the actions he took when he encountered Jackson and the reasons for those actions.

9.      Officer Matthew Fogle (1 hour) – Officer Fogle will testify about his knowledge of the allegations set forth in Jackson's complaint, the actions he took when he encountered Jackson and the reasons for those actions taken.

10.      Officer Kanika Bolton (1 hour) – Officer Bolton will testify about her knowledge of the allegations set forth in Jackson's complaint, the actions she took when she encountered Jackson and the reasons for those actions taken.

11.      Officer Carol Smith Scott (1 hour) – Officer Smith Scott will testify about her

knowledge of the allegations set forth in Jackson's complaint, the actions she took when she encountered Jackson and the reasons for those actions taken.

12.     Officer Antoine Brathwaite (1 hour) – Officer Brathwaite will testify about his knowledge of the allegations set forth in Jackson's complaint, the actions he took when he encountered Jackson and the reasons for those actions taken.

13.     Officer Lorelei Hillgren (1 hour) – Officer Hillgren will testify about her knowledge of the allegations set forth in Jackson's complaint, the actions she took when she encountered Jackson and the reasons for those actions taken.

14.     All witnesses identified by Defendants not objected to by Plaintiff or that Court has agreed may testify.

**Defendants' objections:  Defendants object to Jackson's calling any witness who was not identified in discovery or in Jackson's Initial Disclosures.**
     B.     Defendants:

1.     Plaintiff Elijah Jackson (1 hour) – Jackson will testify about the allegations and claims set forth in his complaint against the defendant officers and those damages allowed by the Court in accordance with the Court's ruling on the Defendants' *in limine* motion.

2.     Officer John Merzig (1.5 hours) – Officer Merzig will testify about his knowledge of the allegations set forth in Jackson's complaint, the actions he took when he encountered Jackson and the reasons for those actions.

3.     Officer Matthew Fogle (1.5 hours) – Ofcer Fogle will testify about his knowledge of the allegations set forth in Jackson's complaint, the actions he took when he encountered Jackson and the reasons for those actions taken.

4.     Officer Kanika Bolton (1 hour) – Officer Bolton will testify about her knowledge

of the allegations set forth in Jackson's complaint, the actions she took when she encountered Jackson and the reasons for those actions taken.

5.      Officer Carol Smith Scott (1 hour) – Officer Smith Scott will testify about her knowledge of the allegations set forth in Jackson's complaint, the actions she took when she encountered Jackson and the reasons for those actions taken.

6.      Officer Antoine Brathwaite (1 hour) – Officer Brathwaite will testify about his knowledge of the allegations set forth in Jackson's complaint, the actions he took when he encountered Jackson and the reasons for those actions taken.

7.      Officer Lorelei Hillgren (1 hour) – Officer Hillgren will testify about her knowledge of the allegations set forth in Jackson's complaint, the actions she took when she encountered Jackson and the reasons for those actions taken.

8.      Jordathan Jones (30 minutes) – Mr. Jones will testify about his knowledge of the allegations set forth in Jackson's complaint.

9.      Michael Harrison (30 minutes) – Sgt. Harrison will testify about his knowledge of the allegations set forth in Jackson's complaint.  He will also testify about Mr. Jackson's MPD PD Form 313 dated May 5, 2015 that he completed on the scene following Mr. Jackson's arrest.

10.     Joe Key (2 hours) – Mr. Key is expected to offer testimony consistent with his opinions about the alleged use of force by the individual officers against Jackson. He will offer expert testimony about applicable police standards, the objective reasonableness of the officers and whether they were within acceptable standards of police practices, policies and training.

Lastly, Mr. Key will offer expert opinion about the conclusions and opinions of Jackson's Police Practices Expert, Mr. Timothy J. Longo.  Mr. Key's opinions will be to a reasonable degree of professional certainty.

**Plaintiff's Objection: Jackson objects to this witness's proposed testimony as outlined in his Motion in *Limine*.**

11.    Dr. Doris Moradzadeh Nourmand (1 hour) – Dr. Nourmand is expected to offer expert testimony consistent with her opinions about Jackson and his alleged injuries sustained during the incident that is the subject of this lawsuit.  Dr. Nourmand is expected to base her expert opinions on her review of the records about Jackson's medical history, her education and experience, her review of any documents related to this case and her expertise in the field of emergency medicine.  Lastly, Dr. Nourmand will offer expert opinion about the conclusions and opinions of Dr. Heather DeVore.  All of Dr. Nourmand's opinions will be rendered to a reasonable degree of medical certainty.

12.    All witnesses identified by Jackson subject to the Defendants' objections or that the Court has agreed may testify.

**Plaintiff's Objection:  Plaintiff objects to Defendants calling any witness in their case in chief or as a rebuttal witness who was not identified during discovery or in Initial Disclosures.**

**V.    List of Exhibits to be Offered into Evidence**

A.    Plaintiff's list of trial exhibits:

1.     Mr. Jackson's Medical Records from MedStar Washington Hospital Center.

**Defendants object as these records' submission without a foundation about the contents of the records as based on speculation, hearsay, and relevance, in part, as disproportionate to the needs of this case.**

2.     Mr. Jackson's Medical Records from the District of Columbia Department of Corrections.

**Defendants object as to lack of foundation, speculative, hearsay, and relevance, in part, as disproportionate to the needs of this case.**

3.     Photographs of Mr. Jackson's face immediately following the incident.

**Defendants reserve their objection depending on Jackson laying the proper foundation for admissibility.**

4.      Report from the Office of the District of Columbia Auditor titled "The Durability of Police Reform – The Metropolitan Police Department and Use of Force: 2008-2015." Dated January 28, 2016, prepared by the Bromwich Group, LLC.

**Defendants object as to hearsay and relevance as disproportionate to the needs of this case.**

5.      Disciplinary files of the Defendant Officers, as allowed by the Court in accordance with the Court's ruling on Jackson's motion *in limine* motion.

**Defendants object as to relevance as disproportionate to the needs of this case.  *See* Defendants' *in limine* motion to preclude admission of these records in evidence.**

6.      Map of the route from 5th Street and Florida Avenue, NE where the vehicle accident occurred to the 1500 Block of Eckington Place, NE, where the incident with the Defendant Officers occurred. (demonstrative)

**Defendants object as to relevance as disproportionate to the needs of this case.**

7.      Aerial view of the 1500 Block of Eckington Place, NE between Florida Avenue, NE and Harry Thomas Way, NE. (demonstrative)

**Defendants object as to relevance as disproportionate to the needs of this case.**

8.      All Exhibits identified by the Defendants subject to Jackson's objections.

B.      Defendants' list of trial exhibits:

1.      Photographs of the vehicles involved in the hit and run accident, and of the scene of the police encounter.

2.      Radio transmissions from the accident and police encounter.

**Plaintiff objects as to relevance and as per his Motion *in Limine*.**

3. Pint of Tequila (demonstrative).

**Plaintiff objects on the basis of relevance, prejudice, likelihood of confusion and as further set out in his Motion *in Limine*.**

4. Court's judgments against Jackson on the APO charges as related to this case.

**Jackson objects to the above exhibit(s) on the grounds that the information is not relevant to any claim or defense in this case. Fed. R. Evid. 401, 402. Jackson further objects on the grounds that any probative value—which Plaintiff contends there is none—is substantially outweighed by unfair prejudice, confusing the issues, misleading the jury and wasting time. Fed. R. Evid. 403. In addition, Jackson objects on the grounds that any convictions did not involve a dishonest act or false statement. Fed. R. Evid. 609(a)(2).**

5. Map of the route from accident to police encounter (demonstrative).

6. MPD Form PD313, Arrestee's Injury/Illness Report dated May 5, 2015.

7. All Exhibits identified by Jackson subject to the Defendants' objections.

## IV. Deposition Testimony to be Offered into Evidence

A. Plaintiff:

Jackson reserves the right to use any deposition taken in this matter as evidence, in so far as such use is permitted by the Federal Rules of Evidence and the Federal Rules of Civil Procedure. Jackson objects to the use of *de bene esse* depositions for any witness that Defendants have not shown is unavailable for trial in accordance with the Court's rules.

B. Defendants**:**

The Defendants may use any deposition taken in this matter as evidence in so far as such use is permitted by the governing rules of evidence and civil procedure. The Defendants object to the use of *de bene esse* depositions for any witness that Jackson has not shown is unavailable for trial in accordance with the Court's rules.

## V. Pleadings and Discovery Responses

A. Plaintiff:

Jackson reserves the right to use any of Defendants' discovery responses as substantive responses or for impeachment purposes.

B.      Defendants:

Defendants reserve the right to use any of Jackson's discovery responses as substantive responses or for impeachment purposes.

**VI.    Itemization of Damages**

A.      Plaintiff:

Plaintiff seeks compensatory damages, damages for emotional distress, punitive damages and attorneys' fees.

**Defendants object to Jackson's requested relief, especially for an award for punitive damages against any Defendant.  Moreover, Jackson may not recover punitive damages against the District.**

B.      Defendants:

Defendants seek judgment in their favor in this action and an award of costs.

**VII.   Other Matters**

A.      Plaintiff:

Jackson's Omnibus Motion in *Limine* is currently pending before this Court.

B.      Defendants:

Defendants' Omnibus Motion *in limine* is currently pending before this Court.

**VIII.  Requested Stipulations**

A.      Plaintiff:

1.      Defendant Officers acted under the color of law.

2.      Jackson was not under the influence of any controlled substance during the events identified in his Complaint.

**Jackson does not stipulate to Defendants' Requested Stipulations. Defendants do not stipulate to Jackson's Requested Stipulations.**

B.      Defendants:

1.      Jackson was intoxicated during the events identified in the Complaint.

2.      Jackson was involved in a hit and run just prior to his encounter with Defendants.

**IX.     Proposed Voir Dire**

A.      Agreed Upon *Voir Dire*:

1.      This case stems from Plaintiff Elijah Jackson's encounter with the Defendants on May 5, 2015, at or near the intersection of New York Avenue and Florida Avenue N.E., Washington, DC.  Mr. Jackson claims that the Defendant Officers severely beat him.  The Defendant Officers deny this allegation.  Does any member of the jury panel think that they have any knowledge of the facts of this case.?  (If you subsequently recall any facts you are required to inform the Court that you need to change the answer to Question 1.)

2.      The plaintiff in this case is Elijah Jackson.  Does any member of the jury panel know him or anyone in his family, or think that someone in your immediate family or a close personal friend knows Mr. Jackson?

3.      District of Columbia Metropolitan Police Department (MPD) Officer John Merzig is a defendant in this case.  Does any member of the jury panel know him or anyone in his family, or think that someone in your immediate family or a close personal friend knows Officer Merzig?

4.      Former MPD Officer Matthew Fogle is a defendant in this case.  Does any member of the jury panel know him or anyone in his family, or think that someone in your immediate family or a close personal friend knows Officer Fogle?

5.      MPD Officer Kanika Bolton is a defendant in this case.  Does any member of the

jury panel know her or anyone in her family, or think that someone in your immediate family or a close personal friend knows Officer Bolton?

6.      MPD Officer Carol Smith is a defendant in this case.  Does any member of the jury panel know her or anyone in her family, or think that someone in your immediate family or a close personal friend knows Officer Smith?

7.      MPD Officer Lorelei Hillgren is a defendant in this case.  Does any member of the jury panel know her or anyone in her family, or think that someone in your immediate family or a close personal friend knows Officer Hillgren?

8.      MPD Officer Antoine Brathwaite is a defendant in this case.  Does any member of the jury panel know him or anyone in his family, or think that someone in your immediate family or a close personal friend knows Officer Brathwaite?

9.      The District of Columbia is also a defendant in this matter.  Has any member of the jury, or any family member or close friend, worked for the District of Columbia as an employee or contractor?  (This includes past or present employment and is not limited to employees of MPD.)

10.      Have you or any member of your immediate family ever worked for a town, municipality, or county, state or federal government?

11.      Does any member of the panel know any of the attorneys in this case?

The Plaintiff is represented in this case by:

John McGowan, Kinner & McGowan, PLLC

Meredith Kinner, Kinner & McGowan, PLLC

William F. Sulton,  THE SULTON LAW FIRM LLC

The District of Columbia is represented by:

Kerslyn Featherstone, Senior Assistant Attorney General

Stephanie Corcoran, Assistant Attorney General

12.     Do any of you know any of the following persons who may testify in this case *or who may be referred to by name* during the testimony or in documents that you may receive as part of the evidence in this case?  See attached lists.

13.     Have any of you ever attended law school, worked as a paralegal, or worked in a law office?  If so, what type of work did you do and what type of law was involved?

14.     Has any member of the panel, or any close friend or relative, ever been trained as a police officer or investigator of any kind?

15.     Has any member of the panel, or any close friend or relative, worked for a law enforcement agency, including, but not limited to the MPD, the Federal Bureau of Investigation, Drug Enforcement Administration, Alcohol, Tobacco & Firearms, Central Intelligence Agency, Homeland Security, or any other local, county, state or federal law enforcement agency?

16.     Are any of you related to, or close friends with, any member of the District of Columbia City Council, the Mayor or any of the past Mayors, or any other elected government official?

17.     Have you or any member of your family ever worked for an insurance company or other entity that evaluated claims?

18.     Have you or any member of your family or close friends ever been involved in any complaint against law enforcement in any capacity, such as the complainant, a witness or the person who was accused of wrongdoing?

19.     Have you or any family member or close friend had an experience, either

positive or negative, with the District of Columbia government or the MPD that might affect your ability to serve as a fair and impartial juror?

20.     Do you have any reason why you feel that you cannot render a fair verdict in this case based on the evidence admitted and the law as the Court instructs you?

21.     The trial may last up to seven days.  Do any of you have a conflict during that period of time?

22.     Are any of you under any medication or suffering from any infirmity that might cause drowsiness or in any way affect your ability to give full time and attention to this case?

23.     Is there any other reason at all why you would be uncomfortable sitting on this jury or why you would prefer to be excused?

24.     For those jurors who are not presently employed, please state your occupation prior to your unemployment or retirement.

B.     Jackson's Proposed Additional *Voir Dire*

1.     Where were you born?

2.     Where did you grow up or go to school?

3.     What is your profession?

4.     What is your main source of news?

5.     What are your favorite leisure/entertainment activities?

6.     If you are retired what was your profession before retirement?

7.     What is your marital status?

8.     Do you have any children?

9.   How long have you lived in the District of Columbia?

10.   Have you ever been sued?

    a.   If yes, please briefly describe the lawsuit, including the outcome.

11.   Have you ever served on a jury before?

    a.   If yes, were you the foreperson?

    b.   If yes, please briefly describe the case and the outcome?

12.   Have you ever been arrested?

13.   Have you or any of your close friends or family been convicted of a crime?

14.   Have you or any of your close friends in family spent time in jail or prison?

15.   Have you ever been pulled over by the police?

    a.   If yes, did the officer issue verbal instructions?

    b.   How did you feel while the officer was issuing instructions?

16.   Have you ever been in a car accident?

    a.   If yes, please briefly describe what happened.

    b.   If yes, were you injured?

    c.   If so, please briefly describe your injuries.

17.   Have you ever ridden a moped or motorized scooter in traffic?

18.   Are you familiar with the intersection of Florida and New York Avenue NE?

19.   In the context of an arrest, what does the term "excessive force" mean to you?

20.   Do you believe that officers ever use excessive force while making an arrest?

21.   Do you believe that the media over-reports or exaggerates cases of police violence?

22.   Are police officers more truthful than average citizens?

23.   Should a police officer witness be given more credibility than a non-officer witness,

just because he is a police officer?

24.     Do you believe that police officers have better memories than non-officer witnesses, just because they are police officers?

25.     Do you believe that a police officer would ever lie on the witness stand?

26.     Do you believe that a group of police officers would ever coordinate their testimony to avoid liability?

27.     Do you believe police officers can be held liable for their conduct while they're on duty?

28.     Do you believe police officers should be excused from improper conduct, such as the excessive use of force, if it occurs during a lawful arrest?

29.     If a suspect is resisting arrest, can an officer's use of force ever be "excessive," or can an officer use any amount of force to subdue a resisting suspect?

30.     Do you believe the Office of the Attorney General would defend a case if the officers used excessive force?

31.     If the evidence shows that the officers in this case are liable, are you capable of returning a verdict against police officers?

32.     Do you believe that post-traumatic stress disorder (PTSD) is a real condition?

        a.      If yes, do you believe it could be caused by the use of excessive force during an arrest?

        b.      If no, is there any testimony that could change your mind?

33.     Do you, your close friends, or any of your family suffer from PTSD?

34.     Have you ever had a back or neck injury?

        a.      If yes, please briefly describe the cause, severity and treatment for the injury.

35.     Have you ever broken your nose?

      a.     If yes, please describe the circumstances and treatment.

36.     The plaintiff in this case has hired an "expert" witness to testify on his behalf. Does the knowledge that this witness was paid to testify affect your ability to judge their testimony impartially?

      a.     If no, is there anything that would change your mind, or will you never credit the testimony of a paid witness?

37.     Do you believe that injured people should be monetarily compensated for "pain and suffering?"

38.     If you were to find that the officers in this case used excessive force, will you be able to award the plaintiff "punitive" damages?

39.     Do you believe that people frequently fake injuries to win money in lawsuits?

40.     Do you believe that there are too many lawsuits in our legal system?

41.     Do you believe that plaintiffs wind up getting more money than they deserve in our system?

42.     The plaintiff must prove his case by a "preponderance" of the evidence, which means "more likely than not" or more than 50%. Will you return a verdict for the plaintiff if you believe he has proved his case by this standard?

43.     The "preponderance of the evidence" standard does not require the plaintiff to dispel all doubts in his case, or even to prove his case "beyond a reasonable doubt" - only that it was *more likely than not*. If you believe the plaintiff has met this standard for a claim, but you still have some doubt, what would your verdict be for that claim?

44.     If you believe the plaintiff has barely proven a claim by 51%, will you still be able

to return a verdict for the plaintiff on that claim?

45.     If you are unsure about what you believe happened, but believe it is more likely than not the officers in this case used excessive force, what would your verdict be?

46.     If the plaintiff only presents "testimonial" evidence - no video, no photos, no recordings - would you still be able to return a verdict for the plaintiff?

47.      Do you require that evidence is corroborated for it to be believable? In other words, are you willing to believe evidence if only one person testifies about it, or do you require that at least two people testify about the same thing to find it credible?

48.     The plaintiff may proceed under a theory of "bystander liability." This means that defendant officers may still be liable if they stood by while their fellow officers used excessive force and did not attempt to stop it. Would you be willing to hold an officer liable under this theory, or would you require an officer to have actually used excessive force against the plaintiff?

49.     Have you or anyone you know ever been injured or killed by a drunk driver?

50.     If you were to hear that the plaintiff in this case was driving while intoxicated during this incident would that affect your ability to be an impartial juror?

51.     Have you ever been intoxicated?

52.     Do you believe that people can form accurate perceptions and memories while intoxicated, and accurately recall those memories later?

53.     Do you believe that other factors can affect memory, such as fear, adrenaline, or the speed at which events take place?

54.     If you were to hear that the plaintiff had previously committed an armed robbery, and was sent to prison for that offense, would that affect your ability to be an impartial juror?

55.     If you were to hear that the plaintiff was still on parole for that armed robbery when this incident occurred, would that affect your ability to be an impartial juror?

56.     If you were to hear that the plaintiff fled the scene of a traffic accident directly before this incident would that affect your ability to be fair and impartial in this case?

57.     Do you have any religious beliefs that would prevent you from making a judgement in this case, and holding the defendants liable?

58.     Do you have any additional beliefs or feelings, not covered in this *voir dire*, that would prevent you from being an impartial juror?

**Defendants' Objections:**

**1.     The Defendants object to *voir dire* questions numbered 1, 2, 5, 10, 17, 30 and 49 on the basis that they are irrelevant and have no bearing on the issues in this case and thus disproportionate to the needs of this case.**

**2.     The Defendants object to *voir dire* questions numbered 12-16, 34, 35 and 51 on the basis that they are intrusive and an unwarranted invasion of personal privacy and have no bearing on the issues in this case.**

**3.     The Defendants object to *voir dire* questions numbered 19, 27-29, 32, 37-38, and 42-48 on the basis that they call for the jury to make a legal conclusion. The Court will instruct jurors on the applicable law at the close of evidence.**

**4.     The Defendants object to *voir dire* questions numbered 20-25, 50, and 52-57 on the basis that they attempt to prejudice the jury and are improper.**

C.     Defendants' Proposed Additional *Voir Dire*

1.      Does any member of the jury panel have any strong feelings about law enforcement, whether positive or negative?

      a.     If so, what are they and why?

      b.     If so, then do you believe that you are able to set those feelings aside and be impartial throughout this trial?

2.      Does any member of the jury panel have any strong feelings about force used by

the police to gain control of a suspect?

        a.      If so, what are they and why?

        b.      If so, then do you believe that you are able to set those feelings aside and be

impartial throughout this trial?

**X.      Proposed Jury Instructions**

A.      Joint Standard Blue Book Instructions:

**INSTRUCTIONS BEFORE TRIAL**

1.1      Introduction and *Voir Dire*
1.2      Preliminary Instructions before Trial
1.3      Questions by Jurors

**EVALUATING EVIDENCE AND WITNESSES**

2.1      Preamble
2.2      Evidence in the Case
2.3      Direct and Circumstantial Evidence
2.4      Burden of Proof
2.5      Judicial Notice (if necessary)
2.6      Inadmissible and Stricken Evidence (if necessary)
2.7      Stipulations
2.8      Evidence Admitted for a Limited Purpose
2.9      Evidence Admitted Against One Party Only
2.10      Credibility of Witnesses
2.11      Number of Witnesses and Exhibits
2.12      Expert Opinion
2.13      Deposition as Evidence (if necessary)
2.14      Impeachment by Prior Consistent Statements
2.15      Adopting Prior Inconsistent Statements

**CONCLUDING INSTRUCTIONS**

3.1      Instructions to be Considered as a Whole
3.2      Selection of Foreperson
3.3      Unanimity and Duty to Deliberate
3.4      Beginning of Deliberations
3.5      Communications Between Court and Jury

3.6     When Jurors Cannot Agree
3.7     Delivering the Verdict

**MULTIPLE CLAIMS AND PARTIES**

4.03    Multiple Defendants
4.05    Consideration of the Evidence – Corporate Party's Agents and Employees

**DAMAGES – GENERAL**

10.1    Damages - Jury to Award
10.2    Extent of Damages - Proximate Cause
10.3    Burden of Proof - Speculative Damages
10.4    Multiple Defendants – Size of Verdict
10.5    Damages Verdict – Multiple Defendants
12.07   Duty to Mitigate Damages

**PERSONAL INJURY DAMAGES**

13.01   Damages - Elements (except disfigurement, deformity, medical
        expenses, loss of future earnings and damage to personal property.
13.09    Recovery for Emotional Distress

**ASSAULT AND BATTERY**

19.01   Assault
19.03   Battery
19.5    Assault and/or Battery – Excessive Force in Doing Lawful Act
19.6    Assault and Battery – Affirmative Defenses

**OTHER TORT CAUSES OF ACTION**

25.05   Intentional Infliction of Emotional Distress – Definition and Elements

B.      Plaintiff's Proposed Standard Jury Instructions

[*The following standard jury instructions are from the standardized "Modern Federal Jury Instructions - Civil" Chapter 87.03, covering excessive force claims. Contents of these standard instructions available upon request*]

1.      **GENERAL INSTRUCTIONS**

        a.      87-65   The Statute
        b.      87-66   Purpose of the Statute
        c.      87-67   Plaintiff's Burden of Proof

2.      **ELEMENT 1 ACTION UNDER COLOR OF LAW**

      a.       87-69      Definition
      b.       87-70      Defendants Acted Under Color of Law as a Matter of Law

3.      **ELEMENT 2 DEPRIVATION OF RIGHT**

      a.       87-74      Definition
      b.       87-74A    Unlawful Arrest (if necessary)
      c.       87-75      State of Mind - Generally
      d.       87-76      State of Mind Intentional


      e.       87-77      State of Mind – Recklessness

4.    **DAMAGES**
a.    87-88    Nominal Damages
b.    87-90    Mitigation of Damages
c.    87-91    Double Recovery (if necessary)
d.    87-92    Punitive Damages

**Defendants' Objection: Defendants reserve the right to make objections once a copy of the instructions is made available.**

    C.      Defendants' Additional Proposed Standard Jury Instructions

        None.

    D.      Non-Standard Jury Instructions

        1.      Plaintiff's Proposed Instructions: See attached.

        2.      Defendants' Proposed Instructions:

        See attached.

**Plaintiff's Objections:**

**1.      Jackson objects to Defendants' Non-Standard Jury Instructions Nos. 2, 3 and 8 as an incorrect statement of law.**

**2.      Jackson objects to Defendants' Non-Standard Jury Instruction No. 10 on the basis that it is confusing and misleading, omits relevant law and includes irrelevant considerations.**

    **XI.**     **Verdict Form**

A.      Plaintiff's proposed verdict form: See attached.

**Defendants' objections:  Jackson's verdict form seeks double recovery against the Defendants.**

**1.      Jackson can only recover compensatory damages for his injuries, not separate amounts from each Defendant for the injuries he alleges.**

**2.      The District can only be held liable for common law claims under the doctrine of *respondeat superior* liability, so the individually named defendants would not be responsible for payment of Plaintiff's alleged compensatory damages.**

**3.      The District cannot be held liable for the constitutional claims asserted in this lawsuit against the individually-named Defendants.**

**4.      By law, Jackson cannot recover punitive damages against the District.**

B.      Defendants' proposed verdict form: See attached.

**Plaintiff's Objections:**

**1.      Plaintiff objects to Defendants' proposed verdict form because it is misleading and contrary to law referencing jury instructions that add elements to claims.**

**2.      Plaintiff objects to Defendants' proposed verdict form because the inclusion of a causation question per Defendant is misleading and appears to create an additional element.**

**3.      Plaintiff objects to Defendants' proposed verdict form because it omits damages plead in the Complaint.**

**4.      Plaintiff objects to Defendants' proposed verdict form because the interrogatories are misleading, confusing and irrelevant.**

**XII.    Estimated Length of Trial**

Jackson estimates that the trial will last 10 days.  Defendants estimate that the trial will last

5-7 days.

Date:  November 17, 2023                    Respectfully submitted,


                                            /s/ Meredith L. Kinner
                                            Meredith L. Kinner
                                            D.C. Bar No. 1024953
                                            KINNER & McGOWAN, PLLC
                                            1305 C St. NE
                                            Washington, D.C. 20002
                                            mkinner@kinnermcgowan.com
                                            (202) 892-3711

                                            /s/ John T. McGowan
                                            John T. McGowan, Jr.
                                            D.C. Bar No. 1023563
                                            KINNER & McGOWAN, PLLC
                                            1305 C St. NE
                                            Washington, D.C, 20002
                                            jmcgowan@kinnermcgowan.com
                                            (202) 892-3711

                                            William F. Sulton
                                            THE SULTON LAW FIRM LLC
                                            2745 N. Dr. Martin Luther King Jr. Drive
                                            Suite 202
                                            Milwaukee, WI 53212
                                            414-477-0088 (direct)
                                            414-250-7676 (fax)
                                            william@sultonlaw.com

                                            *Counsel for Plaintiff Elijah Jackson*


                                            BRIAN L. SCHWALB
                                            Attorney General for the District of Columbia

                                            STEPHANIE E. LITOS
                                            Deputy Attorney General
                                            Civil Litigation Division

                                            /s/ *Patricia A. Oxendine*
                                            PATRICIA A. OXENDINE
                                            D.C. Bar No. 428132
                                            Chief, Civil Litigation Division, Section I

/s/ *Stephanie M. Corcoran*
KERSLYN FEATHERSTONE
D.C. Bar No. 478758
Senior Assistant Attorney General
STEPHANIE M. CORCORAN
D.C. BAR No. 1510874
Assistant Attorney General
400 6th Street, NW
Washington, D.C. 20001
Telephone: (202) 724-6600; (202) 615-3910
Facsimile: (202) 741-0595
E-mail:  kerslyn.featherstone@dc.gov;
stephanie.corcoran@dc.gov

*Counsel for Defendants District of Columbia, and Officers Merzig, Fogle, Bolton, Smith, Hillgren and Brathwaite*